IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH C. KEDZIERSKI, #287-739  *
    Petitioner
                            *

v.                                  CIVIL ACTION NO. WDQ-06-997
                             *

JACK J. CRAGWAY, JR., et al.,
    Respondents               *
                          ******

## MEMORANDUM

On April 18, 2006, Petitioner Kenneth C. Kedzierski filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for assault with intent to disable, assault and battery, and reckless endangerment entered against him in 1996 by the Circuit Court for Prince George's County. Paper No. 1. On June 5, 2006, Respondents filed an Answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. Paper No. 9. Pursuant to this Court's Order of June 27, 2006, Petitioner was granted thirty days to file a reply to the Answer stating that his Petition was filed within the proper time frame or explaining why the Petition should not be dismissed as untimely. Paper No. 11. Petitioner has filed a Motion to Withdraw wherein he seeks to withdraw certain claim and proceed with other claims. He has not addressed the untimely filing of the instant case. Paper No. 12.

Petitioner's convictions were entered on April 26, 1996. Paper No. 9, Ex. 1. On May 23, 1996, Petitioner was sentence to twelve years in prison for assault with intent to disable and a concurrent five year term for reckless endangerment. *Id.* Petitioner's convictions were affirmed on March 6, 1997, by the Court of Special Appeals of Maryland. Id., Ex. 1 and 3. The court's mandate issued on April 7, 1997. Id. Petitioner did not seek further direct review of his conviction or sentence. *Id.* On August 10, 2001, Petitioner submitted a collateral attack on his convictions

pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, et seq. As a result of that petition, a portion of his sentence was vacated. *Id.* On December 1, 2003, the petition was otherwise denied. *Id.* Application for Leave to Appeal from the denial of post-conviction relief was denied in an unreported decision on June 25, 2004. *Id.,* Ex. 2. The court's mandate issued on July 26, 2004. *Id.*

Petitioner moved to reopen his post-conviction proceedings on December 8, 2005. The motion was denied on May 1, 2006. *Id.,* Ex. 1. It appears that Petitioner filed an application for leave to appeal the denial of his motion to reopen. Paper Nos. 4, 9 and 10.

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 into law. Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for person convicted in a state court. *See* 28 U.S.C. § 2244(d).[1] This one year period is, however, tolled while properly filed post conviction proceedings

---

[1]This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Petitioner's convictions entered by the Circuit Court for Prince George's County became final on April 22, 1997. *See* 28 U.S.C. § 2244(d)(1)(A); Md. Rule 8-302 (requiring petition for a writ of certiorari be filed not later than fifteen days after the Court of Special Appeals issues its mandate). Between April 22, 1997 and August 10, 2001, Petitioner had no post-conviction or other proceedings pending which would have served to toll the one-year limitation period. *See* 28 U.S.C. § 2244(d)(2). Petitioner has offered no arguments in favor of equitable tolling of the limitations period. Accordingly, a separate Order will be entered denying Petitioner's Motion to Withdraw and denying the Petition as time-barred under 28 U.S.C. § 2244(d).

8/3/06
Date

William D. Quarles, Jr.
United States District Judge

---

        diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.